PER CURIAM.
This is an interlocutory appeal from an order entered, upon rehearing, that quashed the service of process theretofore made, pursuant to § 447.11, Fla.Stat., F.S.A., on Rose Mary Coppola as business agent, manager, or person in charge of the business of the defendant, Amalgamated Clothing Workers of America, a labor organization. The court stated:
“[I]t appears to the court that from further examination of the file and deposition and pleadings in the cause, that the plaintiff has failed to show sufficient lack of autonomy in the local-organization and to show that the local is dominated by the national organization as to render service attempted herein to be effective. * * * ”
It is appellant’s contention that the trial court erred in that it considered only the status of the local union in relation to the international organization, and gave no consideration as to the evidence of Rose Mary Coppola’s status as an agent of the defendant for service upon it.
We find merit in appellant’s contention and reverse.
*456 The conclusion of the trial judge, as to autonomy and lack of domination of the local organization by Amalgamated, may be a correct one, but it does not follow that service of process made on Rose Mary Coppola was not binding on Amalgamated. Her status and relationship with Amalgamated should have been considered as they were controlling in this case.
We are of the view that the record before us shows that Rose Mary Coppola was an agent of Amalgamated and one on whom process could be served that would bind it in this case. Therefore the order appealed is reversed.
Reversed and remanded.